869 F.2d 1494
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Regis F. WALSH, Defendant-Appellant.
 No. 88-3738.
 United States Court of Appeals, Sixth Circuit.
 March 17, 1989.
 
 Before KEITH, BOYCE F. MARTIN, Jr., and RYAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Regis F. Walsh appeals his conviction pursuant to a conditional guilty plea of possession with intent to distribute cocaine. We affirm the conviction.
 
 
 2
 On March 24, 1988, Walsh was indicted for possession of cocaine with intent to distribute, in violation of 21 U.S.C. Sec. 841(a)(1). A motion to suppress certain evidence (cocaine and money found in Walsh's automobile) was filed on June 2. Following the district court's denial of the motion to suppress, Walsh entered a conditional plea of guilty, specifically reserving the right to appeal the district court's ruling on the motion. Walsh now appeals the district court's denial of his motion to suppress.
 
 
 3
 Prior to Walsh's arrest on March 7, 1988, the Federal Bureau of Investigation and the Summit County Sheriff's Department had conducted an investigation into drug trafficking in the Akron, Ohio area. Several informants identified Walsh as a drug dealer. These informants also identified a residence at 394 1/2 West Cedar Street in Akron as a location from which Walsh distributed cocaine and revealed that Walsh routinely carried drugs in a toolbox and carried drug paraphernalia in a suitcase. Following a March 7th meeting between FBI agents and local police, the Summit County Prosecutor advised police that an attempt should be made to purchase cocaine from Walsh at the 394 1/2 West Cedar Street residence to provide current probable cause for obtaining a search warrant for those premises.
 
 
 4
 On the evening of March 7th, surveillance units were observing the 394 1/2 West Cedar Street residence, and they saw a man placing boxes and suitcases into the trunk of a Chrysler parked at the residence. At about the same time, a confidential police informant was admitted into the residence to attempt to purchase cocaine. A few minutes later, several people, including Walsh and the confidential informant, exited the residence. Walsh got into the Chrysler; the confidential informant spoke to Walsh, who then drove away, with the police following. Walsh drove to Kent Street, circled the block, and parked the Chrysler. (A residence at 106 Kent Street had previously been identified by an informant as the residence of Jimmy Belknap, one of Walsh's cocaine buyers.) At this time, the surveillance team following Walsh received information from the confidential informant who had attempted to purchase cocaine from Walsh at 394 1/2 West Cedar Street earlier that evening. The informant indicated that, when she had tried to buy cocaine from Walsh, he had said he was too busy and could not do it at that time. The informant also stated that the "box" was "green and white", meaning that money and cocaine were in the toolbox in the trunk of the Chrysler.
 
 
 5
 The police then determined to stop Walsh's car and search it. At that moment, Walsh pulled away from the curb, drove to a point opposite the residence at 106 Kent Street, and exited the car. Uniformed police surrounded Walsh. A police detective told Walsh that he was going to search the Chrysler; the detective took the keys from Walsh and opened the trunk. The police detective saw the toolbox and opened it, finding cocaine and money. Other cocaine paraphernalia was found by police after searching the rest of the car.
 
 
 6
 On appeal, Walsh argues that the warrantless search of his automobile violated his rights under the Fourth Amendment and that, as a result, the cocaine, money and drug paraphernalia found should have been suppressed by the district court. More specifically, Walsh contends that the district court erred in refusing to apply the rule of U.S. v. Chadwick, 433 U.S. 1 (1977) and Arkansas v. Sanders, 442 U.S. 753 (1979) to this case. According to Walsh, Chadwick and Sanders require that when police have probable cause to believe that a specific closed container holds contraband, they cannot wait until the suspect container happens to be placed in an automobile to invoke the "automobile exception" and open the container without a warrant. Because police in this case had grounds for believing contraband to be located only within the containers placed in the Chrysler's trunk and not elsewhere in the car, the presence of the closed containers in the Chrysler did not trigger the "automobile exception" to the warrant requirement and did not justify the warrantless search of the containers and the car. The police should have, Walsh contends, seized the containers in question and held them until a search warrant was obtained.
 
 
 7
 We cannot agree with Walsh's contentions. Under United States v. Ross, 456 U.S. 798 (1982) and United States v. Johns, 469 U.S. 478 (1985), police may search for contraband held in a closed container in an automobile if the police have probable cause to believe that there is contraband anywhere in the car. Ross and Johns appear to limit the application of Chadwick and Sanders to a situation in which the police purposefully wait until suspect containers are adventitiously placed in an automobile so as to allow police to open the containers without a search warrant, pursuant to the automobile exception. United States v. Mazzone, 782 F.2d 757, 761-62 (7th Cir.1986). The circumstances of this case refute any contention that the police purposefully delayed a search of the toolbox in question until the toolbox happened to be placed in Walsh's Chrysler. We therefore agree with the district court that the warrantless search of the closed containers in the trunk of Walsh's automobile and the warrantless search of the vehicle itself did not violate the Fourth Amendment. Mazzone, 782 F.2d at 761-62.
 
 
 8
 Accordingly, we affirm the district court's denial of the motion to suppress.